<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| WILLIAM DYKEMAN, | : | Civil Action No. 09-4212 (SDW) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| STATE OF NEW JERSEY, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

WILLIAM DYKEMAN, #792261C
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey  08625

<u>WIGENTON</u>, District Judge

     William Dykeman, a prisoner who is confined at New Jersey State Prison, filed a request to toll the time for him to file a habeas corpus petition under 28 U.S.C. § 2254.  For the reasons expressed below, this Court will dismiss the action for lack of subject matter jurisdiction and decline to issue a certificate of appealability.

**I.  BACKGROUND**

     On August 18, 2009, the Clerk of the Court received from Petitioner a document entitled "TOLLING OF HABEAS CORPUS WILLIAM DYKEMAN A-445-05T4."  (Docket entry #1.) Petitioner asks this Court "to toll the time for habeas corpus in <u>State of New Jersey v. William Dykeman</u>, Indictment No. 03-05-00435-I, out of Union County, Appellate Docket No. A-445-05." (<u>Id.</u>)  <u>See</u> <u>State of New Jersey v. Dykeman</u>, 2009 WL 529220 (N.J. Super. Ct., App. Div.,

Mar. 4, 2009), certif. denied, 199 N.J. 542 (June 18, 2009) (table).  Petitioner asserts that the New Jersey Supreme Court denied certification in July 2009, he filed his post-conviction relief petition in the Union County Superior Court on July 24, 2009, and his legal access is extremely limited.

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c).  Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4; see Mayle v. Felix, 545 U.S. 644, 655 (2005).  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B.  Subject Matter Jurisdiction

Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).  "The exercise of judicial power under Art. III of the Constitution

depends on the existence of a case or controversy," and "a federal court [lacks] the power to render advisory opinions." U.S. Nat'l Bank of Oregon v. Independent Ins. Agents of America, Inc., 508 U.S. 439, 445 (1993 ) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)); see also Flast v. Cohen, 392 U.S. 83, 97 (1968); see also Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-241 (1937).

Section 2254(a) of Title 28 of the United States Code gives a district court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only on the ground that the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Thus, to invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the petitioner be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  Petitioner satisfies the status requirement because, according to the Petition, he is in custody of the State of New Jersey pursuant to a state criminal conviction.

This Court lacks jurisdiction over Petitioner's request because he did not file a § 2254 petition asserting that he is in custody "in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2241(c)(3).  "In conducting habeas review, a federal court is limited

to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."

Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen

County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997).  In reviewing a habeas petition, a

federal court is not permitted to address a federal constitutional claim pertinent to the facts of the

case unless the petitioner asserts the claim as a ground for relief.[1]  Nor may the Court

recharacterize a ground asserted under state law as a federal constitutional claim.[2]  While a

District Court has the power to stay "a 'mixed petition' for habeas corpus relief in which a state

prisoner presents a federal court with a single petition containing some claims that have been

exhausted in the state courts and some that have not," Rhines v. Weber, 544 U.S. 269, 271

(2005), this Court lacks subject matter jurisdiction to grant a stay in this case because Petitioner

has not actually filed a § 2254 petition asserting that he is in custody in violation of federal law.

---

[1] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to  consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[2] See Engle v. Isaac, 456 U.S. 107 119-20 & n.19 (1982) (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

4

Two published decisions of the United States Court of Appeals for the Second Circuit, and one unpublished decision of the United States Court of Appeals for the Third Circuit, are instructive.  In United States v. Leon, 203 F. 3d 162 (2nd Cir. 2000), the United States Court of Appeals for the Second Circuit held that a federal court lacks jurisdiction to entertain a motion to extend the time to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 when no such petition has actually been filed "because there is no 'case' or 'controversy' within the meaning of Article III of the Constitution."  Id. at 163.  "Here, because [petitioner] has not yet filed an actual § 2255 petition, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory."  Id. at 164.  The court concluded that "[i]f or when [petitioner] actually files a § 2255 petition, the District Court . . . may consider his argument that such a petition should be considered timely."  Id.

In Green v. United States, 260 F. 3d 78 (2nd Cir. 2001), the United States Court of Appeals for the Second Circuit indicated that, if a motion to enlarge the time to file a § 2255 motion sufficiently articulates a cognizable claim for relief under § 2255, a district court may treat the motion as a substantive motion for relief under § 2255, provided the court first notifies the petitioner of the consequences of filing a § 2255 motion and offers him an opportunity to withdraw the motion, rather than have it construed as a § 2255 motion.  Id. at 83-84.  However, the Green court held that because the petitioner "had not articulated any basis in fact or in law for relief under section 2255, the district court did not err by failing to treat his motion to extend time as a substantive section 2255 motion."  Id. at 84.

In Anderson v. Pennsylvania Attorney General, 82 Fed. Appx. 745 (3d Cir. 2003), a state prisoner filed a "Motion for an Extension of Time to File Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254" stating that "his grounds for habeas relief [were] based on the ineffective assistance of counsel, in violation of his rights under the Sixth Amendment and the Due Process Clause," that the statute of limitations was about to expire, and that he needed more time to prepare his § 2254 petition.  Id. at 747.  The United States District Court for the Middle District of Pennsylvania denied the motion, and petitioner filed a motion for reconsideration through counsel.  Petitioner argued in the motion for reconsideration that, because the motion for an extension of time was filed within the limitations period and it contained sufficient information to constitute a § 2254 petition, the district court erred by failing to give him time to file a more specific pleading or to notify him before dismissing the motion.  The District Court denied the motion, and the Court of Appeals granted a certificate of appealability.  The Court of Appeals determined that the motion for an extension of time was filed four days before the statute of limitations expired and that the District Court had subject matter jurisdiction to rule on the motion.  The court found that Anderson's allegations "that he is in custody in violation of the law, that his grounds for relief are based on the ineffective assistance of counsel and that he needed more time to file a habeas petition [were] sufficient to present a case or controversy and invoke the court's jurisdiction."  Id. at 749.  Nevertheless, the court concluded that the District Court did not err by failing to recharacterize the motion as a § 2254 petition or failing to provide notice under Mason v. Meyers, 208 F. 3d 414 (3d Cir. 2000), and United States v. Miller, 197 F. 3d 644, 649-52 (3d Cir. 1999), because the motion for an extension of time did not sufficiently state a claim for relief under § 2254 and Habeas Rule 2(c), and would therefore have been subject to summary dismissal under Habeas Rule 4:

> We further conclude that the District Court did not err by failing
> to recharacterize Anderson's motion as a § 2254 motion and
> provide him notice under <u>Miller</u> and <u>Mason</u> where Anderson did
> not sufficiently state a claim for relief.  If the District Court had
> recharacterized the motion, it was subject to summary dismissal.
> <u>See</u> <u>United States v. Thomas</u>, 221 F. 3d 430, 438 (3d Cir. 2000)
> (stating that vague and conclusory grounds for habeas relief are
> subject to summary dismissal); Rule 2 of the Rules Governing
> Section 2254 Cases (providing that habeas petitions shall set forth
> all grounds for relief and facts supporting those grounds).

<u>Anderson</u>, 82 Fed. Appx. at 749.

Significantly, the Court of Appeals expressly rejected Anderson's argument that the District Court "had to know that the claims in his habeas petition were the same as those he presented in state court because he was required to satisfy exhaustion requirements."  <u>Id.</u> at 750. "The District Court cannot assume that a petitioner will bring the same claims in federal court that he presented to the state courts."  <u>Id.</u>

As previously stated, this Court lacks jurisdiction to entertain a request for tolling unless Petitioner has actually filed a § 2254 petition over which this Court has jurisdiction.  Unlike the motion for an extension of time in <u>Anderson</u>, Petitioner's filing does not give this Court subject matter jurisdiction because Petitioner does not assert in his papers that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). Because Petitioner has not actually filed a § 2254 petition, and the document he did file does not assert that he is in custody in violation of federal law, "there is no case or controversy to be heard, and any opinion [this Court] were to render on the [stay] issue would be merely advisory."

7

<u>Leon</u>, 203 F. 3d at 164.  This Court accordingly dismisses the matter for lack of subject matter jurisdiction.[3]

<u>C.  Certificate of Appealability</u>

Because Petitioner has not made a substantial showing of the denial of a constitutional right, no Certificate of Appealability will issue pursuant to 28 U.S.C. § 2253(c).  <u>See</u> Fed. R. App. P. 22(b)(1).

**III.  CONCLUSION**

For the foregoing reasons, this Court dismisses the case and declines to issue a Certificate of Appealability.

 S/Susan D. Wigenton
                                         
**SUSAN D. WIGENTON, U.S.D.J.**

DATED: September 11, 2009

---

[3] Even if Petitioner's filings were sufficient to create a case or controversy and this Court had subject matter jurisdiction under § 2254, this Court would deny Petitioner's request.  Like the motion for an extension of time in <u>Anderson</u>, Petitioner's submission does not sufficiently state a claim for relief under Habeas Rule 2(c), and would therefore require summary dismissal under Habeas Rule 4.  <u>See</u> <u>Anderson</u>, 82 Fed. Appx. at 749.  Moreover, while the one-year statute of limitations generally runs from the date on which the judgment became final by the conclusion of direct review or expiration of the time for seeking such review, <u>see</u> 28 U.S.C. § 2244(d)(1)(A), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).