**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM DYKEMAN, | : | Civil Action No. 09-4212 (SDW) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM OPINION** |
| STATE OF NEW JERSEY, | : | |
| Respondent. | : | |

IT APPEARING THAT:

1. On an unspecified date, a jury in the Superior Court of New Jersey, Law Division, Union County, found Petitioner guilty of 10 offenses involving four different women. See State of New Jersey v. Dykeman, 2009 WL 529220 (N.J. Super. Ct., App. Div., Mar. 4, 2009), certif. denied, 199 N.J. 542 (June 18, 2009) (table).

2. Petitioner appealed, raising the following arguments through counsel, and raising a number of other arguments in a pro se supplemental brief:

*POINT I*

THE MOTION COURT ABUSED ITS DISCRETION IN DENYING THE DEFENDANT'S MOTION TO SEVER COUNTS OF THE INDICTMENT AND THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR MISTRIAL.
(A)
SINCE THE ISSUE OF DEFENDANT'S IDENTITY WAS NOT IN GENUINE DISPUTE, COUNTS ALLEGING CRIMES ON JANUARY 31, 2001, JULY 11, 2001, JULY 18, 2001 AND IN SEPTEMBER 2001 WERE IMPROPERLY JOINED IN ONE TRIAL.
(B)
THE DEFENDANT WAS UNFAIRLY PREJUDICED BY JOINDER.

POINT II
EXPERT DNA SCIENTIST MADDOX'S REFERENCE TO F.W. AND R.E. AS BEING "VICTIMS" CONSTITUTES PLAIN ERROR (NOT RAISED BELOW).

*POINT III*

THE DEFENDANT'S RIGHT TO A FAIR TRIAL WAS PREJUDICED WHEN THE PROSECUTOR ARGUED IN SUMMATION THAT THE DEFENDANT HAD TAILORED HIS TRIAL TESTIMONY (NOT RAISED BELOW).

*POINT IV*

THE TRIAL COURT COMMITTED PLAIN ERROR IN ITS CHARGE TO THE JURY BY INSTRUCTING JURORS TO CONSIDER THE DEFENDANT'S "GUILT OR INNOCENCE" (NOT RAISED BELOW).

*POINT V*

THE AGGREGATE CUSTODIAL SENTENCE OF 31 YEARS WAS MANIFESTLY EXCESSIVE AND VIOLATED *BLAKELY V. WASHINGTON* AND *STATE V. NATALE*.

(A)
IMPOSITION OF BASE CUSTODIAL SENTENCES IN EXCESS OF THE STATUTORILY AUTHORIZED MINIMUM SENTENCES WERE MANIFESTLY EXCESSIVE.

(B)
IMPOSITION OF BASE SENTENCES IN EXCESS OF THE THEN-EXISTING PRESUMPTIVE TERMS VIOLATED *BLAKELY V. WASHINGTON* AND STATE V. NATALE.

(C)
THE TRIAL COURT ABUSED ITS DISCRETION IN RUNNING THE SENTENCES IMPOSED ON COUNTS ONE, TWO, EIGHT, AND FIFTEEN CONSECUTIVE TO EACH OTHER.

Dykeman, 2009 WL 529220 at *1 -*2.

    3. The Appellate Division affirmed the conviction and remanded for resentencing pursuant to State v. Natale, 184 N.J. 458 (2005). The New Jersey Supreme Court denied certification on June 18, 2009. See State v. Dykeman, 199 N.J. 542 (2009) (table).

2

    4. On or about August 26, 2009, Petitioner filed a petition for post-conviction relief in the Law Division of the Superior Court of New Jersey, which is pending in the New Jersey courts. (Docket Entry #4 at p. 3.)

    5. On August 18, 2009, the Clerk of this Court received from Petitioner a document entitled "TOLLING OF HABEAS CORPUS WILLIAM DYKEMAN A-445-05T4." (Docket entry #1.) Petitioner asked this Court "to toll the time for habeas corpus in State of New Jersey v. William Dykeman, Indictment No. 03-05-00435-I, out of Union County, Appellate Docket No. A-445-05." (Id.)

    6. In an Opinion and Order entered September 15, 2009, this Court dismissed the case for lack of subject matter jurisdiction in that Petitioner did not file a § 2254 petition asserting that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). (Docket Entry Nos. 2, 3.)

    7. On December 4, 2009, Petitioner filed a "MOTION FOR RECONSIDERATION OF PETITION FOR THE TOLLING OF TIME FOR HABEAS CORPUS; AND ACTUAL PETITION FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254." Petitioner asserts the following in his motion:

> I was unaware that I had to file the actual petition for habeas corpus just to toll the time as per the new habeas corpus A.E.D.P.A. rules. Please note the relevant background information which is followed by my actual petition for habeas corpus under 28 U.S.C. § 2254, and thus, the tolling provisions, as I proceed through New Jersey's state post conviction relief (P.C.R.). So I ask for reconsideration of my tolling request.
>
> 1) I was informed mid-July, 2009, that my certification was denied on June 18, 2008. (199 N.J. 542). I set out immediately to file state P.C.R. (post-conviction relief) papers . . .

> 2) Regarding state P.C.R. please note that: (A) Ms. Bernadette Fiore, Union County Criminal Division Manager, acknowledged receipt and was preparing P.C.R. info on Aug. 26, 2009; (B) Hon. Judge Peim signed form letter and scheduling P.C.R. conference on Aug. 28. 2009 (conference for 11-23-09); (C) Mr. Stefan Van Jura, P.C.R. Unit of Public Defender's Office, did acknowledge receipt of P.C.R. info, and determined the matter should proceed with P.C.R., dated Sept. 4, 2009.
>
> My main issue is that with the very strict filing requirements and tolling under the A.E.D.P.A. and 28 U.S.C. § 2244(d)(2) . . . , I should have my federal habeas corpus petition "already formulated" and ready to mail out, so as to toll time <u>immediately</u>. This is because after P.C.R. is complete, and other state exhaustion, a federal habeas lawyer might need additional time to prepare competent federal briefs. With this being stated, I believe my time should toll from only a few days after certification was denied on 6-18-09 as I was misled as to the process and denied the ability to effectively file a habeas petition.

(Docket Entry #4, pp. 1-3.)

    8. Attached to the motion is a 31-page hand-written document entitled "Petition for Habeas Corpus - Protective Petition under <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005)." This document sets forth the following grounds (together with factual and legal arguments): (A) Fourth Amendment auto stop; (B) Sixth Amendment right to effective assistance of trial counsel; (C) Ex Post Facto violation; (D) In Re Winship beyond a reasonable doubt constitutional violations; (E) Judicial fact-finding; (F) Prosecutorial misconduct; (G) Criminal restraint convictions were unconstitutional; (H) Denial of counsel on direct appeal; (I) Sixth Amendment Confrontation Clause issues; (J) Sixth Amendment Compulsory Process issues; (K) Unlawful possession of a pocket knife convictions were unconstitutional; (L) Perjury by all four of the State's main witnesses was unconstitutional in and of itself; (M) Unconstitutional judicial misconduct; (N) Terroristic Threat Convictions were unconstitutional; (O) Unconstitutional sentencing issues; (P) Unconstitutional police conduct; (Q) Unconstitutional official state

conduct; (R) Jury charge issues; (S) Ineffective assistance of trial counsel continued; (T) Cumulative Effect of ineffective assistance of counsel, prosecutorial misconduct, and the perjured testimony of the State's witnesses was plain structural error of a constitutional magnitude; (U) Plain error Fourth Amendment; (V) Prejudicial trial publicity through the Newark Star Ledger; (W) Prejudicial joinder violated my Fifth Amendment rights; (X) Unconstitutional voir dire; (Y) Unconstitutional Sixth Amendment jury violations; (Z) Pace v. Diguglielmo, 544 U.S. 408 (2005) Protective filing; (AA) Unconstitutional sentencing issues; (BB) Unconstitutional jury deliberations; (CC) Double Jeopardy and collateral estoppel issues; (DD) Double Jeopardy bars any further prosecution for unlawful possession of weapon or criminal restraint; (EE) Official misconduct. (Docket Entry #4, pp. 4-35.)

      9. This Court will grant Petitioner's motion for reconsideration of the Order dismissing his case for lack of jurisdiction and direct the Clerk to file the § 2254 Petition attached to Petitioner's motion.

      10. The Antiterrorism Effective Death Penalty Act (AEDPA) generally permits a prisoner in custody pursuant to the judgment of a State court who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States, to file only one petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the district court (after exhaustion of available state court remedies). This is because, in the absence of extremely limited circumstances and the prior approval of the United States Court of Appeals for the Third Circuit, a district court lacks jurisdiction to entertain a federal claim presented in a second or successive § 2254 petition. See 28 U.S.C. § 2244(b). As a result of this bar on second and successive § 2254 petitions, a prisoner challenging the legality of detention pursuant to a judgment of a State court

**must include** all available federal grounds to collaterally attack the State judgment in the first § 2254 petition.

    11. The AEDPA also provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

    12. The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. See Holland v. Florida, __ S. Ct. __ 2010 WL 2346549 (Jun. 14, 2010); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).

    13. Under § 2244(d)(2) of Title 28, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28

U.S.C. § 2244(d)(2).  An application is "filed" within the meaning of § 2244(d)(2) when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).

> And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . .  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally . . . .  But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted); see also Allen v. Siebert, 552 U.S. 3 (2007) (petition for state post-conviction relief that was rejected by the state courts as untimely is not "properly filed" under § 2244(d)(2)).

14.  A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence v. Florida, 549 U.S. 327, 332 (2007).

15.  The AEDPA statute of limitations is also subject to equitable tolling.  See Holland, __ S. Ct. at __, 2010 WL 2346549 at * 3 ("We here decide that the timeliness provision in the federal habeas corpus statute is subject to equitable tolling"); Urcinoli v. Cathel, 546 F. 3d 269, 272 (3d Cir. 2008); Miller, 145 F.3d at 618.  "A statute of limitations 'can be tolled when principles of equity would make [its] rigid application unfair.'"  Urcinoli, 546 F. 3d at 272 (quoting Shendock v. Dir., Office of Workers' Comp. Programs, 893 F. 2d 1458, 1462 (3d Cir.

1990)). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, __ S. Ct. at __, 2010 WL 2346549 at *12 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

16. The AEDPA also prohibits a district court from granting habeas relief under § 2254 unless the petitioner has presented each federal ground in the § 2254 petition to each level of the state courts or shown that exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). See Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993).

17. The Exhaustion Doctrine requires a petitioner challenging a New Jersey conviction under § 2254 to fairly present each federal ground that is raised in the § 2254 petition to the Law Division, the Appellate Division and the New Jersey Supreme Court before filing the one all-inclusive § 2254 petition in the district court.[1] See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Rose v. Lundy, 455 U.S. 509, 515 (1982).

18. Where a § 2254 petition contains one or more unexhausted grounds **and** a stay is not warranted, then the district court must either dismiss the § 2254 petition without prejudice as unexhausted, pursuant to 28 U.S.C. § 2254(b)(1), or deny all claims in the petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied

---

[1] "To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," Anderson v. Harless, 459 U.S. 4, 6 (1982) (quoting Picard, 404 U.S. at 276-277).

8

on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). See Carrascosa v. McGuire, 520 F. 3d 249 255 (3d Cir. 2008).

19. In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that a district court has the authority to stay a § 2254 petition which contains one or more unexhausted federal claims. See Rhines at 276. The Rhines Court explained the rationale for a stay:

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

Rhines at 275.

20. The Rhines Court determined that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." Id. at 278. See also Heleva v. Brooks, 581 F. 3d 187 (3d Cir. 2009) (holding that stay-and-abeyance under Rhines standard also applies to a request to stay a § 2254 petition which contains only unexhausted claims).

21. In this case, Petitioner states that he filed a protective § 2254 petition to avoid being time barred. He relies on Pace v. DeGuglielmo, 544 U.S. 408, 416 (2005). In Pace, the Supreme Court ruled that a state petition for post-conviction relief that is dismissed by the state court as

untimely does not toll the federal statute of limitations because an untimely state petition for post-conviction relief is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). In rejecting the prisoner's argument, the Supreme Court observed that, in the event that a state prisoner who is pursuing state post-conviction relief is "reasonably confused" as to whether the state petition was timely or otherwise "properly filed," that prisoner could file a protective § 2254 petition. The Court explained:

> Finally, petitioner challenges the fairness of our interpretation. He claims that a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,' " and thus that his federal habeas petition is time barred. Brief for Petitioner 30. A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. See Rhines v. Weber, ante, 544 U.S., at 278 . . . (2005). A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court. Ibid. ("[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics," then the district court likely "should stay, rather than dismiss, the mixed petition").

Pace, 544 U.S. at 416-417.

22. In this case, Petitioner did not need to file a protective § 2254 petition because his federal statute of limitations has not started to run. For the same reason, this Court will deny a stay of the § 2254 Petition attached to Petitioner's motion.

23. Since the New Jersey Supreme Court denied certification on direct review on June 18, 2010, in the absence of statutory tolling, the statute of limitations in Petitioner's case would have started to run 91 days later on September 17, 2009, when the time to file a petition for certiorari in the United States Supreme Court expired. See 28 U.S.C. § 2244(d)(1)(A) (statute of

limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

24. However, since Petitioner filed a state petition for post-conviction relief on August 26, 2009, and nothing indicates that this petition was not properly filed, the 365-day federal statute of limitations for his § 2254 Petition was automatically tolled by operation of 28 U.S.C. § 2244(d)(2), effective August 26, 2009.  See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"); Holland, __ S. Ct. at __, 2010 WL 2346549 at * 4 ("filing [of state postconviction relief application] automatically stopped the running of the AEDPA limitations period, § 2244(d)(2)").  The automatic statutory tolling will continue (and the 365-day federal statute of limitations will not begin) until the New Jersey courts have finally resolved Petitioner's state petition for post-conviction relief.  See Lawrence, 549 U.S. at 332 (state petition for post-conviction relief remains pending under § 2244(d)(2) until "the state courts have finally resolved [it, but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari").

25. Because the 365-day statute of limitations is statutorily tolled and it will not begin until Petitioner's state petition for post-conviction relief is finally resolved, Petitioner does not need equitable tolling of the limitations period and he is not entitled to a stay.  This Court will deny his request for tolling as moot and deny his request for a stay as unnecessary.

26. Finally, this Court will dismiss Petitioner's protective § 2254 Petition (containing exhausted and unexhausted claims) without prejudice as unexhausted, since dismissal of the

11

entire petition would not unreasonably impair Petitioner's right to obtain federal relief, given that the statute of limitations has not begun.[2]  See Rhines v. Weber, 544 U.S. 269, 278 (2005); Mickens-Thomas v. Vaughn, 258 Fed. App'x 480 (3d Cir. 2007); Gibbs v. Frank, 500 F. 3d 202, 207 n.5 (3d Cir. 2007); Parker v. Kelchner, 429 F. 3d 58 (3d Cir. 2005).

27.  This Court will enter an appropriate Order.


        s/Susan D. Wigenton
        **SUSAN D. WIGENTON, U.S.D.J.**


Date: July 7, 2010

---

[2] Petitioner may file a timely one all-inclusive § 2254 petition within 365 days of the date "the state courts have finally resolved [his] application for state post[-]conviction relief." Lawrence v. Florida, 549 U.S. 327, 332 (2007).